IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA UK LIMITED, )<br>IPR PHARMACEUTICALS, INC., )<br>ASTRAZENECA AB, )<br>and SHIONOGI SEIYAKU KABUSHIKI )<br>KAISHA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>WATSON LABORATORIES, INC., and )<br>EGIS PHARMACEUTICALS PLC )<br>)<br>Defendants. ) | Civil Action No. 10-915-LPS |

## CONSENT JUDGMENT

WHEREAS this action for patent infringement has been brought by Plaintiffs AstraZeneca UK Limited, IPR Pharmaceuticals, Inc., AstraZeneca AB, and Shionogi Seiyaku Kabushiki Kaisha, against Defendants Watson Laboratories, Inc. ("Watson") and EGIS Pharmaceuticals, PLC ("Egis") for infringement of United States Patent No. RE37,314 (the "Patent") and Defendants filed counterclaims and defenses (collectively, the "Litigation"); and

WHEREAS the Parties have entered into a good faith final settlement agreement dated on or about March 23, 2013 to fully settle the Litigation (the "Settlement Agreement");

The Court, upon the consent and request of the Parties, hereby acknowledges the following Consent Judgment and, upon due consideration, issues the following Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Subject matter jurisdiction, personal jurisdiction, and venue are all proper in this Court.

2. Egis was dismissed from this action by stipulation filed on December 17, 2012 upon the condition that it would be bound by this Consent Judgment, whereby this Court has jurisdiction to enter this order with respect to Egis.

3. The Patent is enforceable and valid.

4. Watson has infringed the Patent pursuant to 35 U.S.C. §271(e)(2) by filing New Drug Application No. 202-172.

5. Egis will induce infringement of the Patent by the manufacture, use, sale, or offer for sale in, or importation into the United States of the active ingredient rosuvastatin zinc manufactured pursuant to Drug Master File No. 23592 prior to January 8, 2016.

6. Except as and to the extent permitted by the Settlement Agreement, Watson and its Affiliates, including any of its successors and assigns, is enjoined from making, having made, using, selling, offering to sell, importing or distributing any rosuvastatin product pursuant to New Drug Application No. 202-172, either directly or indirectly, on its own part or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Watson or any of its Affiliates, until expiration of the Patent and any regulatory exclusivities related thereto.

7. For purposes of this Consent Judgment, the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with Watson. For purposes of this definition, "control" means (a) ownership, directly or through one or more intermediaries, of (1) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (2) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity,(b) status as a general partner in any partnership, or (c) any other arrangement

2

whereby an entity or person has the right to elect a majority of the board of directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

8. Except to the extent set forth above all claims and counterclaims of the Parties are dismissed with prejudice.

9. The Parties each expressly waive any right to appeal or otherwise move for relief from this Consent Judgment.

10. Compliance with this Consent Judgment may be enforced by the Parties and their successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

11. This Court retains jurisdiction over the Parties for purposes of enforcing this Consent Judgment as well as any dispute regarding the Settlement Agreement.

12. The Clerk of the Court is directed to enter this Consent Judgment and Order forthwith.

13. Nothing herein prohibits or is intended to prohibit Defendants from maintaining a "Paragraph IV Certification" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (including as amended or replaced) or pursuant to 21 C.F.R. § 314.94(a)(12) (including as amended or replaced) with respect to the Patent.

IT IS SO STIPULATED:

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
WOMBLE CARLYLE
 SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com

*Attorneys for Plaintiffs*

/s/Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19889
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*

Dated: March 25, 2013

SO ORDERED, this 25th day of March, 2013

_____
Honorable Leonard P. Stark
United States District Judge

WCSR 7706997v1

4